UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOORE et al.,

       Plaintiffs,

v.

HEIDI WASHINGTON et al.,

       Defendants.
_____/

Case No. 2:23-cv-11506

Honorable Susan K. DeClercq
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER (1) OVERRULING PLAINTIFFS' OBJECTIONS, (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND (4) DISMISSING CASE WITHOUT PREJUDICE**

Plaintiffs have objected to the magistrate judge's report recommending the granting of Defendants' motion for summary judgment and the dismissal of the case. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiffs' objections will be overruled because the magistrate judge's report shows no prejudicial clear errors.

I.

While incarcerated, Plaintiffs requested a religious accommodation to forgo their medication between sunrise and sunset to observe their Islamic faith's Ramadan fasting rituals. Plaintiffs were not granted the accommodation, so they

filed grievances through Michigan's three-step process.[1] They did not complete the process, yet in June 2023, filed a complaint here alleging violations of the Free Exercise Clause, First Amendment retaliation, and the Elliot-Larsen Civil Right Act, MICH. COMP. LAWS 37.2102 *et seq.* ECF No. 1. In October 2023, Defendants filed a motion for summary judgment, ECF No. 19, which has been fully briefed, ECF Nos. 21; 22.

In February 2024, Magistrate Judge Patricia T. Morris issued a report recommending that Defendants' motion for summary judgment be granted and the case be dismissed. ECF No. 30. Judge Morris concluded that Plaintiffs failed to exhaust their administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Judge Morris reasoned that, based on the facts and circumstances of this case, Plaintiffs did not properly complete the grievance process, and even if Plaintiffs believed the grievance process was futile, that belief did not relieve them of their obligations to exhaust their claims before filing this case. Further, Judge Morris recommended denying Plaintiffs' request for a subpoena to obtain evidence that would have demonstrated that they had no available administrative remedies, viewing it as a last-ditch effort to save their complaint from dismissal due to their failure to exhaust their claims. Ultimately, Judge Morris

---

[1] Inmates must "wait to receive a Step III response, or to allow the 60-business-day [response] period to expire, before filing [a] complaint in federal court." *Taylor v. Purdom*, 673 F. Supp. 3d 872, 878 (E.D. Mich. 2023) (cleaned up).

recommended dismissing the case in its entirety, advising that Plaintiffs' request for additional discovery would not protect their complaint from dismissal.

Now before this Court are Plaintiffs' objections to Judge Morris's report. ECF No. 31. Although Judge Morris provided both parties 14 days to object, only Plaintiffs did so. Therefore, Defendants have forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

## II.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

## III.

This Court has reviewed Plaintiffs' complaint, ECF No. 1, Defendants' motion for summary judgment, ECF No. 19, Plaintiffs' response to the motion, ECF

No. 21, Defendants' reply to Plaintiffs' response to the motion, ECF No. 22, Judge Morris's report and recommendation to grant the motion, ECF No. 30, Plaintiffs' four objections, ECF No. 32, Defendants' response to the objections, ECF No. 32, and all other applicable filings and law.

Having conducted this *de novo* review, this Court finds that Judge Morris's factual conclusions are reasonably correct, that she reasonably applied the correct law, and that her legal reasoning is sound. That is, there are no prejudicial clear errors in Judge Morris's recommendations (1) to grant Defendants' motion for summary judgment or (2) to dismiss the case. A failure to exhaust administrative remedies is an affirmative defense that defendants must raise and prove. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust 'must offer competent and specific evidence showing that he indeed exhausted his remedies[] or was otherwise excused from doing so.'" *Parks v. Mich. Dep't of Corr.*, No. 2:20-CV-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021) (cleaned up) (quoting *Sango v. Johnson*, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021)). Here, Plaintiffs have not done so. And dismissal for failure to exhaust administrative remedies must be without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006) (quoting *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)).

For these reasons, Plaintiffs' objections will be overruled, Judge Morris's report and recommendation will be adopted, Defendants' motion for summary judgment will be granted, and the case will be dismissed without prejudice.

## IV.

Accordingly, it is **ORDERED** that Plaintiffs' Objections, ECF No. 31, are **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 30, is **ADOPTED**.

Further, it is **ORDERED** that Defendants' Motion for Summary Judgment, ECF No. 19, is **GRANTED**.

Further, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Dated: 4/10/2024                    /s/Susan K. DeClercq
                                    SUSAN K. DeCLERCQ
                                    United States District Judge